IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JANIE WEEKS,

     Plaintiff,

v.

HOUSING AUTHORITY OF OPP,
ALABAMA; UNITED STATES
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT; et al.,

     Defendants.

Case No. 2:11-cv-1011-MEF
(WO—Publish)

## MEMORANDUM OPINION & ORDER

### I. INTRODUCTION

The United States Department of Housing and Urban Development (HUD) and its Secretary, Shaun Donovan, filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 36.) The plaintiff, Janie Weeks, declined to respond. She instead sought leave to file a third amendment complaint (ECF No. 44), which essentially asks the Court to allow her to plead around the jurisdictional defects brought to light by HUD and Donovan. Because the Court finds the defendants' motion to dismiss meritorious, and concludes that allowing Weeks to amend her complaint would be futile, the defendants' motion will be granted and Weeks's motion denied. The reasons why are discussed more fully below.

1

## II. MOTION TO DISMISS STANDARD

A defendant can file a motion to dismiss to contest a federal court's subject-matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). These motions come in two varieties: one attacking subject-matter jurisdiction on the face of the complaint, the other using extrinsic evidence to launch a factual attack on jurisdiction. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). A court deciding a facial attack to subject-matter jurisdiction has to accept all well-pled factual allegations as true, viewing them in the light most favorable to the plaintiff. *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007). In other words, the court merely looks to "see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). If the court lacks the statutory or constitutional power to hear the claim, it must dismiss it for lack of subject-matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## III. BACKGROUND

### A.  The underlying facts

The Opp Housing Authority (OHA) employed Janie Weeks as its executive director from July 2006 until mid-2011. (Second Am. Compl. ¶ 16, ECF No. 26.) OHA and the United States Department of House and Urban Development (HUD), the executive agency that controls OHA's spending, received complaints accusing Weeks of racial discrimination and misconduct. (*Id.* at ¶¶ 21, 26–39.) OHA and HUD responded by

meeting with Weeks. (*Id.* at ¶ 50.) Attendees at the meeting included Weeks and her husband, members of OHA's board, and HUD representatives from both the Atlanta and Birmingham offices. (*Id.*)

After the meeting got underway, Weeks made a severance proposal: she would resign for $125,000 and six months of continued health insurance coverage. (*Id.* at ¶ 54.) The OHA board members and HUD representatives agreed to the deal, adding only that she must return all OHA property. (*Id.* at ¶ 55.) They told Weeks they would pay her on June 29, 2011. (*Id.*) Relying on these assurances, Weeks turned in her keys and left OHA's premises. (*Id.* at ¶ 56.)

After HUD representatives met with the OHA tenants and employees who had complained about Weeks, HUD went back on its agreement with her. (*Id.* at 57–58.) It withdrew its promise to provide OHA with the necessary money to fund Weeks's severance package, and it even went so far as to deny OHA the authority to disburse the $125,000 out of other funds it may have had. (*Id.* at ¶ 58.) With no authority to perform its end of the bargain, OHA put Weeks on paid administrative leave instead. (*Id.* at ¶¶ 60–62.) She contends that OHA and HUD breached the severance agreement, noting that HUD never even authorized the federal funds necessary to pay for the leave period. (*Id.*)

**B.   Procedural posture**

Weeks filed suit to enforce the agreement. Her initial complaint named the Opp Housing Authority and its board of commissioners as defendants. (Compl. at ¶¶ 6, 7–11,

ECF No. 1.) OHA responded by filing a motion to dismiss that contained alternative motions for a more definite statement and for joinder of a necessary party. (ECF Nos. 13, 14.) In the latter motion, OHA asserted that HUD met the definition of a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure, because HUD would have to approve paying a judgment out of federal funds if Weeks won her suit. (ECF No. 13 at 14–22.) Weeks responded to OHA's motions by amending her complaint and adding HUD and its Secretary, Shaun Donovan, as parties. (First Am. Compl., ECF No. 20.)

After Weeks amended her complaint again (ECF No. 26), HUD and Donovan filed the motion to dismiss now before the Court. The Court put out a briefing schedule (ECF No. 40) that gave Weeks the opportunity to respond. She chose not to, however, opting instead to let the date for filing a response come and go. But she did file a motion for leave to file a third amended complaint (ECF No. 44), which is also now before the Court.

## IV. DISCUSSION

### A.    HUD and Donovan's motion to dismiss

HUD and Donovan raise two grounds for dismissing the claims against them. First, they contend that Weeks failed to plead a waiver of sovereign immunity—a necessary prerequisite in suits against federal agencies and their officers. Second, they assert that the Tucker Act, 28 U.S.C. § 1491, grants exclusive jurisdiction over Weeks's claims to the Court of Federal Claims. Weeks, as the Court has already mentioned, failed

to address either argument.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)); *FHA v. Burr*, 309 U.S. 242, 244 (1940). And while Congress can waive sovereign immunity statutorily, federal courts will not construe a statute as containing an implicit waiver. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Quite to the contrary, Congress must use explicit language and waive the Federal Government's immunity from suit in no uncertain terms. *Id.* (citing *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992). And even when Congress includes an express waiver, it "will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* (citing *United States v. Williams*, 514 U.S. 527, 531 (1995); *Library of Cong. v. Shaw*, 478 U.S. 310, 318 (1986); *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981)). Perhaps most importantly, "[s]overeign immunity is jurisdictional in nature." *Meyer*, 50 U.S. at 475.

So the baseline rule is that federal courts do not have jurisdiction over suits against federal agencies and officers unless a statute specifically says that they do. *See* 14 Charles Alan Wright, Arthur R. Miller & Edward Cooper, *Federal Practice & Procedure* § 3655, at 344 (3d ed. 1998) (stating a plaintiff "must demonstrate that the claim being asserted is covered by a specific statutory authorization"). Combined with the rule that a plaintiff's complaint must have a "short and plain statement of the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), it is clear that a plaintiff must cite a statute containing an express

waiver of sovereign immunity before it can sue the Federal Government and proceed past the motion to dismiss stage. Here, Weeks invokes the Court's subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202; 42 U.S.C. §§ 1981, 1983; and the Fifth and Fourteenth Amendments. Accordingly, the Court must look to the text of each statute to determine if any of them contain an explicit waiver of sovereign immunity.

After reviewing each statute's text, the Court holds that none of them contain an express waiver of sovereign immunity. The federal question statute does not waive sovereign immunity. *See* 28 U.S.C. § 1331; *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982). Nor do the statutes giving district courts original jurisdiction over claims arising out of federal civil rights disputes. *See* 28 U.S.C. § 1343; 42 U.S.C. §§ 1981, 1983; *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("It is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes."); *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972); *Salazar v. Heckler*, 787 F.2d 527, 528–29 (10th Cir. 1986). The same goes for Weeks' Declaratory Judgment Act claims, *see* 28 U.S.C. 2201, 2202; *Skelly Oil v. Phillips Petrol.*, 339 U.S. 667, 671 (1950) ("Congress enlarged the range of remedies available to the federal courts but did not extend their jurisdiction . . . ."), and her constitutional claims, *see Garcia*, 666 F.2d at 966 ("The constitution does not waive the Government's sovereign immunity in suit for damages."). Moreover, although "[f]ederal courts have general subject matter jurisdiction over actions brought *by* federal agencies or

officers," 28 U.S.C. § 1345, "there is no corollary rule whereby all suits brought *against* federal agencies or officers are within the subject matter jurisdiction of the federal courts." *Salim v. Napolitano*, No. 11-cv-3402, 2012 WL 1745517, at *4 (N.D. Ala. May 14, 2012) (citing *McQueary v. Laird*, 449 F.2d 608, 610 (10th Cir. 1971)).

The content of Weeks's second amended complaint against HUD and Donovan further underscores this point. Boiled down to its essence, Weeks's complaint alleges that she entered into a contract with OHA and HUD (she would resign for $125,000 plus six months of health benefits); that she performed her obligations under the contract (returning all OHA property); and that HUD reneged on its promise to pay her under the terms of the agreement (by refusing to authorize OHA to dispurse the funds). This is a contract claim: the obligation the defendants allegedly owed to Weeks arose out of an agreement between the parties, not a statute.

As HUD and Donovan point out, the contract claim asserted by Weeks seems to fall squarely within the Tucker Act, 28 U.S.C. § 1491. Unlike the statutes cited in her complaint, the Act contains an express waiver of sovereign immunity that could allow Weeks's contract claim to go forward. The problem, however, is that it grants the Court of Federal Claims exclusive jurisdiction over monetary claims against the United States exceeding $10,000. Weeks tries to plead around this by styling her claim against HUD as one for "permanent injunctive relief." But this will not do: "The Court of Federal Claims' exclusive jurisdiction cannot be avoided by framing a complaint in the district court as

one seeking injunctive, declaratory, or mandatory relief, when in reality the thrust of the suit is one seeking money from the United States." *Normandy Apts. v. HUD*, 554 F.3d 1290, 1296 (10th Cir. 2009); *see also Friedman v. United States*, 391 F.3d 1313, 1314 (11th Cir. 2004) ("A plaintiff cannot avoid the jurisdictional limitations of the Tucker Act . . . by artful pleading.")

Weeks seeks money damages against the defendants. And even under a charitable view of her complaint, she is asking for specific performance of a contract (an equitable rather than monetary remedy), which is still problematic, because if district courts had jurisdiction over specific performance claims, a plaintiff could easily plead around the Tucker Act by relabeling the claim. The Court therefore holds that it does not have jurisdiction to entertain a claim that, at bottom, sounds in contract and seeks purely money damages. *See, e.g.*, *Ala. Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1227–28 (5th Cir. 1976)[1]; *Robins v. Bureau of Land Mgmt.*, 438 F.3d 1074, 1082 (10th Cir. 2006); *Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 375 (2d Cir. 1999); *Tuscon Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 646 (9th Cir. 1998); *Transohio Sav. Bank v. OTS*, 967 F.2d 598, 610 (D.C. Cir. 1992); *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 3 (1st Cir. 1989); *Sea-Land Serv., Inc. v. Brown*, 600 F.2d 429, 432–33 (3d Cir. 1979).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered before October 1, 1981.

**B.      Weeks's motion for leave to file a third amended complaint**

Weeks filed a motion for leave to file a third amended complaint rather than respond to HUD and Donovan's motion to dismiss. In other words, after the defendants spent the time and effort to research and then point out the flaws in her pleadings, she refused to respond directly, opting instead to try to plead around the motion to dismiss. This is not the first time she has taken this tact: after OHA filed a motion to dismiss, which contained alternative motions for a more definite statement and for joinder of a necessary party, Weeks refused to respond and instead filed a second amended complaint that added HUD and Donovan. This shifting sands approach is no way to litigate a case. It penalizes the party that properly researches and briefs the relevant issues, and rewards the party whose lawyers refuse to do their homework before filing suit.

Having said that, it is unclear whether improper litigation tactics can serve as the basis for denying a plaintiff leave to amend. Under the Federal Rules of Civil Procedure, federal courts must grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). This means that "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Courts finds that Weeks's procedural gamesmanship comes close to, but falls short of, being an abuse of the litigation process sufficiently substantial to deny leave to amend. Even so, the Court can deny leave to amend if an amendment would be "futile." *Brewer v. IRS*, 435 F. Supp.

2d 1174, 1176 (S.D. Ala. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Futility occurs when "the complaint as amended is subject to dismissal." *Id.* (citing

*Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

Weeks's third amended complaint proposes adding a claim under the

Administrative Procedures Act (APA), 5 U.S.C. §§ 701–706. (Proposed Third Am.

Compl. at ¶ 3, ECF No. 44-1.) She also wants to add HUD employees Brenda Shavers,

Natasha Watson, and Adrian Fields as defendants by asserting claims against all three in

both their individual and official capacities. (*Id.* at ¶ 11–13.) HUD contends that the

Court lacks subject-matter jurisdiction over the APA claim. Shavers, Watson, and Fields

argue that, even if the Court had jurisdiction, the Act still doesn't allow suits against

individual employees. Weeks concedes the latter argument, so the Court will only

address jurisdiction under the APA.

Congress amended the APA to waive sovereign immunity for suits seeking relief

other than money damages.[2] 5 U.S.C. § 702. The APA's waiver of sovereign immunity

contains two other limitations as well. The first "excludes from its waiver of sovereign

---

[2] The statute states:

> An action in a court of the United States seeking relief other than money
> damages and stating a claim that an agency or an officer or employee
> thereof acted or failed to act in an official capacity or under color of legal
> authority shall not be dismissed nor relief therein be denied on the
> ground that it is against the United States or that the United States is an
> indispensable party. The United States may be named as a defendant in
> any such action, and a judgment or decree may be entered against the
> United States.

5 U.S.C. § 702.

immunity . . . claims for which an adequate remedy is available elsewhere." *Transohio Sav. Bank v. OTC*, 967 F.2d 598, 607 (D.C. Cir. 1992).[3] The second exclusion applies to "claims seeking relief expressly or impliedly forbidden by another statute." *Id.*

Weeks tries to couch her complaint against the HUD defendants in equitable language to avoid these exclusions. She does so by asking the Court to order HUD to pay her under the terms of the contract or to force HUD to release the funds to OHA so that OHA can pay her. (Third Am. Compl. ¶ 140.) Stated simply, she contends that she is asking for money damages against OHA and an equitable ruling that HUD must enable OHA to pay those funds to her.

But no matter what language Weeks uses to describe her claims, she is seeking money damages under the terms of a contract. This is exactly the type of claim that must be heard by the Court of Federal Claims. Indeed, the former Fifth Circuit said as much in *Alabama Rural Fire Insurance Co. v. Naylor*, 530 F.2d 1221 (5th Cir. 1976). There, the Secretary of the Farmers Home Administration (FmHA) agreed to pay Alabama Rural Fire Insurance to provide backup insurance to individuals that applied for loans who could not have otherwise obtained the required coverage. Shortly after entering into the agreement, the FmHA cancelled the loan abruptly. The insurer then sued in district court for injunctive and declaratory relief to prevent the contract's rescission, to bar the FmHA

---

[3] The *Transohio* court found that this exclusion stems from § 704 of the APA, which gives federal district courts jurisdiction only over "final agency action[s] for which there is no other adequate remedy in a court subject to judicial review." 5 U.S.C. § 704.

11

from soliciting other bids, and to stop the agency from disclosing the terms of its plan.

Although Alabama Rural did not ask for money damages, the Fifth Circuit held that the

Court of Claims, and not the district court, had jurisdiction over the action. 530 F.2d at

1229–30. In so holding, the court relied on how Alabama Rural had designed its lawsuit

"to compel [the FmHA] in their official capacities to specifically perform a contract." *Id.*

at 1226. The court also noted how finding "that the district court had jurisdiction under

the APA to exercise its equitable powers so as in effect to compel the United States to

perform the disputed contract . . . would . . . be destroying the jurisdiction of the Court of

Federal Claims by implication." *Ala. Rural*, 530 F.2d at 1230; *see also Fairview*

*Township v. EPA*, 773 F.2d 517, 528 (3d Cir. 1985) ("If victory for the plaintiff in the

suit would be tantamount to a release of funds in excess of $10,000, then the Claims

Court has exclusive jurisdiction over the suit, even if the action is styled as one for

injunctive or declaratory relief.").

Weeks's proposed APA claim suffers from similar problems. Like the plaintiff's

claim in *Alabama Rural*, her complaint runs afoul of all three exclusions for jurisdiction

under the APA. First, it seeks money damages for a breach of contract—a claim

specifically forbidden by the APA. 5 U.S.C. § 702; *Ala. Rural*, 530 F.2d at 1226; *Sharp*

*v. Weinberger*, 798 F.2d 1521 (D.C. Cir. 1986). Second, another statute—the Tucker

Act—provides an adequate remedy for her alleged wrongs. *See* 28 U.S.C. § 1491

(waiving sovereign immunity for contract claim against Federal Government but

requiring plaintiff to bring them in Court of Claims). And third, the Tucker Act is the only remedy for contract claims against the Federal Government, which means it implicitly forbids a plaintiff from seeking relief under the APA. *Ala. Rural*, 530 F.2d at 1230; *Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 377 (2d Cir. 1999); *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 647 (9th Cir. 1998).

In her reply brief, Weeks argues that she does not have an adequate remedy under the Tucker Act because the Court of Claims cannot grant equitable relief. In her view, this prohibition on the Court of Claims' jurisdiction expands the jurisdiction of this Court to accommodate what she wants—an equitable ruling that HUD must authorize OHA to pay her under the contract. But this argument ignores that HUD was a party to the contract giving rise to her claim against OHA for money damages (she admits as much in her brief), so the agency can be sued in the Court of Claims under the Tucker Act for contract damages. "That the Court of Claims cannot provide the precise relief requested"—an order requiring HUD to authorize OHA to pay under the contract they both were a party to—"is no grounds for denying its jurisdiction over the claim." *Am. Science & Eng'g, Inc. v. Califano*, 571 F.2d 58, 62 (1st Cir. 1978). Her motion for leave to file an amended complaint is therefore due to be denied as futile, because no matter how she tries to plead her case, the Court lacks subject-matter jurisdiction over the contract claims against HUD and Donovan.

## V. Conclusion

Janies Weeks failed to respond to HUD and Shaun Donovan's motion to dismiss for lack of subject-matter jurisdiction. Instead, she filed a motion for leave to file a third amended complaint. Even assuming this is an appropriate way to litigate a case, her third amended complaint is futile because the Court of Federal Claims has exclusive jurisdiction over contract claims against the Federal Government. Accordingly, it is hereby ORDERED as follows:

1.    The Motion to Dismiss for Lack of Jurisdiction (ECF No. 36) filed by HUD and Shaun Donovan is GRANTED, and the claims against them are dismissed without prejudice.

2.    Janie Weeks's Motion for Leave to File Third Amendment Complaint (ECF No. 44) is DENIED.

3.    HUD and Donovan's Motion for Extension of Time to File Answer (ECF No. 34) and Motion to Stay (ECF No. 39) are DENIED AS MOOT.

Done this the 24th day of August, 2012.

_____/s/ Mark E. Fuller_____
UNITED STATES DISTRICT JUDGE